IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RICARDO LITTLE,** | |
| Petitioner, | |
| v. | Case No. 24-CV-01748-SPM |
| **UNITED STATES OF AMERICA,** | |
| Respondent. | |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Before the Court is a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Ricardo Little, an inmate incarcerated at the McDowell Federal Correctional Institution in Welch, West Virginia. (Doc. 1). Little raises a single claim of ineffective assistance of counsel. (*See id.*). For the following reasons set forth, the Petition is **DENIED**.

### RELEVANT FACTS AND PROCEDURAL HISTORY

On October 27, 2021, the United States filed a one-count Criminal Complaint charging Ricardo Little and Ricosha Young with knowing and intentional possession with the intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii). *See United States v. Little*, 21-cr-30178-SPM-1 (S.D. Ill. 2023) (Doc. 1). Little pleaded guilty via a plea agreement on April 18, 2023. *See id.* (Doc. 86). On July 26, 2023, he was sentenced to 100 months in prison followed by four years of supervised release. *See id.* (Doc. 114). Ricosha Young pleaded guilty via a plea

agreement on September 5, 2023 and was sentenced on January 4, 2024 to 135 months in prison followed by five years of supervised release. *See United States v. Little*, 21-cr-30178-SPM-2 (S.D. Ill. 2024) (Docs. 117, 130).

Little filed the instant Petition attacking his sentence on July 19, 2024. (*See* Doc. 1). He argues that his appointed counsel, Assistant Federal Public Defender Daniel G. Cronin, was ineffective for failing to file a motion challenging the laboratory techniques used to determine the purity level of the methamphetamine seized in this case. (*See id.*, p. 4). The United States responded on July 29, 2024. (*See* Doc. 4).

## APPLICABLE LEGAL STANDARDS

Relief under 28 U.S.C. § 2255 is limited. Unlike a direct appeal, in which a defendant may complain of nearly any error, § 2255 may be used only to correct errors that litigate the sentencing court's jurisdiction or are otherwise of constitutional magnitude. The United States Court of Appeals for the Seventh Circuit has emphasized that relief under § 2255 is "available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878 (7th Cir. 2013) (quoting *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996)); *see Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004); *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991). Section 2255 cannot be used as a substitute for a direct appeal or to relitigate issues decided on direct appeal. *See Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009); *White v.*

*United States*, 371 F.3d 900, 902 (7th Cir. 2004); *Coleman v. United States*, 318 F.3d 754, 760 (7th Cir. 2003), *cert. denied*, 540 U.S. 926 (2003).

Section 2255 requires a court to vacate, set aside or correct the sentence of a prisoner in custody if it finds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. "[R]elief under § 2255 is an extraordinary remedy because it asks the district court to essentially reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States,* 476 F.3d 518, 521 (7th Cir. 2007).

## ANALYSIS

Little raises a claim of ineffective assistance of counsel, which may be brought for the first time under a § 2255 motion. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *United States v. James*, 635 F.3d 909, 916 (7th Cir. 2011). Under the law of this Circuit, because counsel is presumed effective, Little "bears a heavy burden in making out a winning claim based on ineffective assistance of counsel." *United States v. Trevino,* 60 F.3d 333, 338 (7th Cir. 1995). Ineffective assistance of counsel claims are evaluated under the two-prong test first enumerated in *Strickland v. Washington*, 466 U.S. 688, 690, 694 (1984). *See McDowell v. Kingston*, 497 F.3d 757, 761 (7th Cir. 2007) (citing *Strickland*, 466 U.S. at 690, 694). "The Sixth Amendment right of

effective assistance of counsel applies to a criminal defendant's trial, sentencing, and the first appeal of right." *Jones v. Welborn,* 877 F. Supp. 1214, 1219 (S.D. Ill. 1994).

Under *Strickland*, the defendant "must demonstrate: (1) 'that counsel's performance was deficient,' and (2) 'that the deficient performance prejudiced the defense.'" *Thompson v. Vanihel,* 998 F.3d 762, 767 (7th Cir. 2021) (quoting *Strickland*, 466 U.S. at 687). To satisfy the performance prong, the defendant must overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland* at 689. To prove prejudice, the defendant must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The Court is not required to analyze both the performance and prejudice prong, because the failure to satisfy either prong will be fatal to the claim. *See Ebbole v. United States,* 8 F.3d 530, 533 (7th Cir. 1993); *United States v. Slaughter,* 900 F.2d 1119, 1124 (7th Cir. 1990).

Little argues that his appointed counsel failed to challenge the "lab techniques used to determine [the] purity level" of the methamphetamine mixture at issue in this case. (Doc. 1, p. 4). He argues that his appointed counsel "should have filed the proper motion to challenge such false science" which "would have resulted in a possible shorter sentence." (*Id.*). He argues that such a "deficient performance" created "prejudice due to a longer sentence." (*Id.*). In response, the Government argues that Little cannot meet either *Strickland* prong and that Little's claim is barred by the appeal and collateral attack waiver in his plea agreement. (*See* Doc. 4,

pp. 6–9). The Government argues that "no evidence exists tending to establish that the lab report contained the results of 'false science'" and that the only evidence Little has provided is a letter from his attorney indicating that "some judges elect to sentence mixture and substance methamphetamine and actual methamphetamine using a 1 to 1 ratio[]." (*Id.*, p. 7 (citing Doc. 1, p. 14)). The Government argues that "Little's supporting documentation reflects a conversation about policy disagreements with the mixture and actual methamphetamine ratio" and that "Counsel's letter affirmatively sets forth why counsel did not seek a different guideline assessment of methamphetamine." (*Id.* (citing Doc. 1, p. 14)). The Government argues that "[d]istrict courts that have considered similar claims agree that failure to raise a policy objection is not ineffective assistance." (*Id.* (citing *Rivera-Orta v. United States*, No. 18 C 1659, 2021 WL4125109, at *5 (N.D. Ill. 2021); *Snowden v. United States*, No. 24-cv-01061-JPG, 2024 WL 3395990, at *8 (S.D. Ill. 2024) (holding that laboratory purity analyses are not exculpatory evidence)). The Government also argues that "[w]hile Petitioner's plea agreement lists ineffective assistance of counsel claims as an exception from the appeal and collateral attack waiver, and Petitioner titles his claim as 'ineffective assistance of counsel,' the substance of Little's claim is nothing more than a camouflaged effort to obtain a lower sentence." (*Id.*, p. 9).

Little's claim of ineffective assistance of counsel is meritless. Attorney Cronin's letter clearly establishes that it would have been frivolous to argue that Little should have been sentenced for a mixture containing methamphetamine instead of for "ice"

based on the purity of the mixture in question. (*See* Doc. 1, p. 14). Attorney Cronin was aware that such an argument was one "which Judge McGlynn has always rejected." (*Id.*). Moreover, while Little claims that the "lab techniques" were "false science" (Doc. 1, p. 4), as the Government argues, he provides zero argument, evidence, or case law for this claim. Therefore, on this point, he has not met his burden under either of the *Strickland* prongs, as Little has not provided any evidence that Attorney Cronin's conduct was either unreasonable or prejudiced Little's defense.

While the Government argues that "the substance of Little's claim is nothing more than a camouflaged effort to obtain a lower sentence," (Doc. 4, p. 9), the Court is reticent to reclassify a § 2255 motion as a motion for sentence reduction, no matter Little's threadbare argument. Although Little has styled the instant Motion as a § 2255 collateral attack on his conviction, his Petition states that his counsel's "deficient performance" resulted in "prejudice due to a longer sentence." (Doc. 1, p. 4). The appeal and collateral attack waiver in Little's Plea Agreement does have a specific carveout for ineffective assistance of counsel claims. *See Little*, 21-cr-30178-SPM-1 (Doc. 86, p. 9). However, regardless of whether his claim is a § 2255 Petition or a motion for sentence reduction, Little has failed to demonstrate either that his counsel's performance was deficient or that such deficient performance prejudiced his defense.

Additionally, this Court finds that an evidentiary hearing is not essential. *See Almonacid,* 476 F.3d at 521 (7th Cir. 2007); *see also* Rules Governing Section 2255

Proceedings in United States District Courts, Rule 4 ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."). Little failed to provide the Court with a detailed and specific affidavit that demonstrated the actual proof of the allegations in his § 2255 Petition. *See Galbraith,* 313 F.3d at 1009 (7th Cir. 2002) ("It is the rule of the court that in order for a hearing to be granted, the petition must be accompanied by a detailed and specific affidavit which shows that the petitioner had actual proof of the allegations that go beyond mere unsupported allegations."). Thus, an evidentiary hearing is not warranted.

## CONCLUSION

For the reasons set forth above, Ricardo Little's Motion to Vacate, Set Aside, or Correct Sentence filed pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED**. This action is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to close this case on the Court's docket.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings in United States District Courts instructs the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." 28 U.S.C. 2253(c)(2) provides that a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." To meet this standard, the petitioner "must have a constitutional claim (or an underlying

procedural argument on which a constitutional claim depends), and he must 'demonstrate that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong.'" *United States v. Fleming,* 676 F.3d 621, 625 (7th Cir. 2012) (quoting *Tennard v. Dretke,* 542 U.S. 274, 281 (2004)); *see Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

As for Petitioner Little's claim of ineffective assistance of counsel, Little has not made a substantial showing of the denial of a constitutional right. Having thoroughly reviewed the record before the Court, the undersigned concludes that reasonable jurists would not find the disposition of that claim debatable or wrong. Accordingly, this Court **DENIES** issuance of a certificate of appealability.

**IT IS SO ORDERED.**

**DATED: August 5, 2024**

                                                **/s/ Stephen P. McGlynn**
                                                **STEPHEN P. McGLYNN**
                                                **U.S. District Judge**